**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ALEXANDER JIGGETTS,<br><br>   Plaintiff,<br><br>v.<br><br>COMCAST,<br><br>   Defendant. | Civil Action No.:  ELH-21-188 |

**MEMORANDUM**

This is a civil rights action filed by the self-represented plaintiff, Alexander Jiggetts, against Comcast.  The Complaint was received for filing on January 22, 2021.  ECF 1; ECF 1-1.[1] Jiggetts is committed to the custody of the Maryland Department of Health and is currently confined to Spring Grove Hospital Center after having been found not competent to stand trial.  Jiggetts did not pay the filing fee, nor did he move for leave to file in forma pauperis.  *See* 28 U.S.C. § 1915.

Jiggetts asserts that "[d]uring this epidemic" he "took a role in things that defrauded the U.S. Government and the people."  ECF 1-1 at 1.  He points to the "reporting that Comcast defrauded the people."  *Id.*  Plaintiff complains that Comcast defrauded him in May 2018 by overcharging him.  *Id*. at 1-2.  He states that he "made a deal with Comcast" to pay $150 per month for internet service, but when he got the bill he was charged $200 to $230 per month.  *Id*. Moreover, Jiggetts claims that when his service was installed, it was not in working order and, despite promises that it would be fixed, Jiggetts had to repair the service himself.  *Id*.  He also

---

[1] ECF 1 appears to be similar to, if not identical to, ECF 1 in case ELH-21-187.

asserts that he had to call Comcast "almost daily" because his internet and cable was "always going out." *Id*. at 3.

Plaintiff states that one month he paid $450 to Comcast so he would not have to pay the bill for months, but they told him he still owed 49 cents. *Id.* at 4. Further, he claims that when the pandemic occurred, the government "stated pay no fees and fees are waived yet Comcast did not waive [his] fees." *Id*. Rather, he states that he continued to receive bills from Comcast and, in response, he sent them cash and a letter stating they had "ripped him off. . . ." ECF 1-1 at 5. Plaintiff claims that Comcast owes him at least $3000. *Id*. He adds that because he receives Social Security disability benefits, he should have only been charged $10 per month. *Id*. at 6.

Jiggetts believes that because "Comcast ran Baltimore City cable straight to people who don't like [him]," they "could have altered [his] internet." *Id.* at 7. Further, he states that he does not want his "stuff running from the City" and that this is why he moved to Baltimore County. *Id*. He adds that he wrote to the Department of Justice advising of Comcast's poor service, and he claims that it is a violation of federal law for Comcast to charge equipment fees because "once you get Comcast, your equipment is yours." *Id*. at 8. He seeks an award of $90,000 against Comcast for overcharging him. *Id.* at 10.

To be sure, many consumers experience frustration with regard to customer service from various providers of services and goods.[2] But, the Complaint fails to state a cognizable claim. Comcast is a business entity, not a government entity. Essential to sustaining an action under §

---

[2] The Court notes that the *Baltimore Sun* reported on January 28, 2021, that members of the Baltimore City Council have just requested an investigation by the State Attorney General into Comcast regarding excessive fees for data usage. In particular, their concern focuses on Comcast's plan to charge customers without unlimited data plans up to $100 a month for data usage that exceeds 1.2 terabytes. *See* Colin Campbell, City councilmen request investigation into Comcast, Baltimore Sun, January 28, 2021, at 7.

1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; *and* (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Nothing in the Complaint would lead a reasonable person to believe that Comcast is an agency of the government.[3]

Second, Jiggetts' view that persons receiving disability payments should receive low-cost internet services might be a laudable social goal. But, there is no legal requirement for Comcast to comply with his view. Certain protections have been put into place during the pandemic, insuring that people did not lose their homes (*i.e.,* suspension of evictions and foreclosures). But, the court is unaware of any governmental waiver of cable fees.

The court sympathizes with Jiggetts' feelings that he was overcharged for cable services. But, this does not create a cognizable civil claim in his favor.

Plaintiff has failed to allege a cognizable federal cause of action. Therefore, the Complaint shall be dismissed by separate Order, which follows.

January 28, 2021  /s/
Date  Ellen L. Hollander
  United States District Judge

---

[3] There is also no basis to discern a claim that Comcast breached a contract with Jiggetts. Plaintiff does not include a copy of a service contract or any invoices. Nor does he explain how he arrived at the "agreed upon" monthly cost.